CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 2 2 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM D. AMOS, | Case No. 4:05cv00005 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| VIRGINIA EMPLOYMENT COMMISSION, et al., | By: Jackson L. Kiser<br>Senior United States District Judge |
| Defendants. | |

Before me is Defendants' Motion to Dismiss and Motion to Strike [5]. The parties have briefed the issues and oral argument was held on April 8, 2005. The motion is therefore ripe for decision. For the reasons below, I hereby **PARTIALLY GRANT** Defendants' Motion to Dismiss and **GRANT** Defendants' Motion to Strike.

I. STATEMENT OF FACTS[1]

William D. Amos ("Plaintiff") was an employee of the Virginia Employment Commission ("VEC") from May 17, 2002 until his termination on July 3, 2003. Plaintiff filed a Charge of Discrimination against the VEC with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2004. The EEOC dismissed the Charge on October 14, 2004. Plaintiff then filed suit in this Court against the VEC and various VEC employees ("Defendants," collectively) on January 10, 2005.

---

[1] The facts are taken primarily from the Complaint, and at this juncture I must assume them to be true.

1

Plaintiff alleges that the VEC retaliated against him for giving testimony in a discrimination claim made by a co-worker. While other deputies in training received 30-day, 60-day, and end of probationary period progress reviews, Plaintiff only received one such review. Moreover, one deputy, Barbara Smith was given two years to complete her probationary period, whereas Plaintiff was terminated just a little over a year into his probationary period. Plaintiff notes that no hearing officer has been dismissed within his probationary period and that he was terminated in retaliation for his testimony.

Plaintiff also alleges that the VEC, through Linda Daniel, a VEC field office manager, and Diane Wilmouth, a VEC assistant field office manager, maintained a hostile work environment. When Plaintiff "questioned the unprofessional conduct" of Ms. Wilmouth, she subsequently inserted a statement in Plaintiff's personnel file without his knowledge. Plaintiff makes no other allegations regarding what constituted the hostile work environment.

Plaintiff has named the following parties as defendants: Norma Turner, the Commission Designate of the VEC; Dolores Esser, Commissioner of the VEC; Bill Jacobs, Assistant Commissioner for Field Operations; Woody Tucker, Chief of Benefits; Aundy Holland, Regional Director; Kristina Skeldon, Assistant Field Office Manager; Sally Henderson, Hearing Officer; Barbara Weeks Smith, Hearing Officer, Ms. Daniel; and Ms. Wilmouth. Plaintiff is seeking $150,000 in compensatory damages for each claim (retaliation and hostile work environment) for a total of $300,000. Plaintiff is also seeking $1,000,000 in punitive damages.
2

Case 4:05-cv-00005-JLK-mfu   Document 13   Filed 04/22/05   Page 2 of 7   Pageid#: 104

## II. DEFENDANTS' MOTION TO DISMISS

### A. *Legal Standard under FRCP 12(b)(6)*

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D.Va. 1996) (citation omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. *Discussion*

#### 1. Plaintiff's Claims Are Not Time-Barred

The Defendants argue that the Plaintiff's discrimination claims are time barred. Under Title VII, a plaintiff must file a charge with the EEOC within 180 days of an adverse employment action. 42 U.S.C. § 2000e-5(e)(1). The 180-day time period is extended to 300 days when state law proscribes the employment practice and the charge is initially filed with a state deferral agency, otherwise called a Fair Employment Practice Agency ("FEPA"). *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). When an FEPA does not have subject matter jurisdiction over a particular claim, however, that claim must be filed within the traditional 180-day time period rather than the extended 300-day period. 29 C.F.R. § 1601.13(a)(2).

It is undisputed that the Virginia Human Rights Council is a recognized FEPA so that claims initially filed with the Council are subject to the longer 300-day statute of limitations. However, Defendants argue that the Council lacks jurisdiction over discrimination claims filed

3

by employees of Virginia executive branch agencies pursuant to an Interagency Agreement ("Agreement") adopted in 1988 which grants jurisdiction of these claims to the Virginia Department of Resource Management ("VDRM"). Defendants argue that the 180-day statute of limitations should apply to Plaintiff's claims because he is an executive branch employee such that the Council lacked jurisdiction over his claims. I disagree. The Virginia statute establishing the Council and its powers grants the Council jurisdiction over *all* employment discrimination claims whether filed by private or public employees. Va. Code. § 2.2-2634(7). Furthermore, the Virginia statute establishing the duties of the VDRM makes no mention of any power to investigate any type of discrimination claims. Va. Code. § 2.2-1201. Although the Agreement purports to grant the VDRM jurisdiction over claims filed by executive branch employees, the Agreement alone is insufficient to divest the Council of its jurisdiction over these claims Therefore, I find that the Council does have jurisdiction over Plaintiff's claims which are subject to the 300-day statute of limitations. Because Plaintiff filed his claims within the 300-day time period, Defendants' motion to dismiss his claims as time-barred is **DENIED**.

2.  Supervisors Are Not Individually Liable

Defendants next argue that none of the individual Defendants named in the Complaint are liable because supervisors are not individually liable under Title VII. Title VII imposes liability for unlawful employment practices on employers. 42 U.S.C. § 2000e-2. But it is well-settled that supervisors are not individually liable under Title VII because they do not meet the definition of "employers." *Lissau v. Southern Food Serv., Inc.* 159 F.3d 177, 180-81 (4th Cir. 1998). Plaintiff has named several of his supervisors as defendants in this action, including Norma Turner, Dolores Esser, Bill Jacobs, Woody Tucker, Aundy Holland, Kristina Skeldon, Sally

Henderson, Barbara Weeks Smith, Linda Daniel, and Diane Wilmouth. Because supervisors are not individually liable under Title VII, Defendants' motion to dismiss Plaintiff's claims against the aforementioned individual Defendants is **GRANTED**. In the interest of providing the *pro se* Plaintiff some leeway, I will construe his Complaint as being filed against the VEC instead of the aforementioned supervisors.

3. Plaintiff Has Failed to State a Hostile Work Environment Claim

Plaintiff has failed to allege sufficient facts to support a hostile work environment claim. In order to state a hostile work environment claim, a plaintiff must allege (1) he experienced unwelcome harassment; (2) the harassment was based on his gender, race, or age; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Fourth Circuit dismissed a hostile work environment claim for failure to state a claim when an African American female plaintiff only alleged that she was consistently paid less than white men and that the employer engaged in various acts such as reassignment because of her race and sex. *Id.* "The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting these words, construed liberally, which are the proper focus at the motion to dismiss stage." *Id.*

Here, Plaintiff has not alleged any facts to support at least two elements of a hostile work environment claim: severe or pervasive harassment or that the harassment was due to his gender, race, or age. Furthermore, even ignoring his inability to meet a prima facie case, Plaintiff has

5

failed to allege any facts which even suggest a hostile work environment. Because Plaintiff has failed to allege facts sufficient to support a hostile work environment claim, Defendants' motion to dismiss the hostile work environment claim is **GRANTED**.

Nevertheless, the Plaintiff has stated a valid claim for retaliation. To state a prima facie case for retaliation, a plaintiff must show that (1) he engaged in protected activity; (2) the employer took adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001). Plaintiff has alleged that he engaged in protected activity when he testified in a discrimination case for a co-worker. He has also alleged that the VEC fired him for this testimony. Therefore, he has alleged facts sufficient to support a retaliation claim, and Defendants' motion to dismiss the retaliation claim is **DENIED**.

### III. DEFENDANTS' MOTION TO STRIKE

Plaintiff asserts that he is seeking punitive damages against the VEC. But a plaintiff may not recover punitive damages against a government entity. 42 U.S.C. § 1981a(b)(1). Plaintiff offers no contrary arguments except for a citation to the standard for awarding punitive damages against individuals for employment discrimination. *Kolstad v. American Dental Association*, 527 U.S. 526 (1999). *Kolstad*, however, was against a private employer and has no bearing on government agencies. It is undisputed that the VEC is a government entity which is not liable for punitive damages. Because the Plaintiff may not recover punitive damages against the VEC, Defendants' motion to strike his claim for punitive damages is **GRANTED**.

6

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is **GRANTED** with respect to all claims against the individual Defendants: Norma Turner, Dolores Esser, Bill Jacobs, Woody Tucker, Aundy Holland, Kristina Skeldon, Sally Henderson, Barbara Weeks Smith, Linda Daniel, and Diane Wilmouth. The Motion to Dismiss is further **GRANTED** with respect to the hostile work environment claim but **DENIED** with respect to the retaliation claim. Defendants' Motion to Strike punitive damages from the Complaint is **GRANTED**. The suit will therefore proceed solely on the retaliation claim against the VEC.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the *pro se* Plaintiff and all counsel of record.

Entered this 23rd day of April, 2005.

*[signature]*
Senior United States District Judge