IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM D. AMOS, ) | |
| ) | Case No. 4:05cv00005 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA EMPLOYMENT COMMISSION, ) | |
| et al., ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendants. ) | |

Before me is Plaintiff's Motion for Leave to Amend and to File a Supplemental Complaint [15]. For the reasons below, I hereby **DENY** Plaintiff's Motion to Amend.

## I. STATEMENT OF FACTS

William D. Amos ("Plaintiff") was an employee of the Virginia Employment Commission ("VEC") from May 17, 2002 until his termination in July 3, 2003. Plaintiff filed a Charge of Discrimination against the VEC with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2004. The EEOC dismissed the charge on October 14, 2004. Plaintiff then filed suit in this Court against the VEC and various VEC employees ("Defendants," collectively) on January 10, 2005. The suit was based on two claims, retaliation and hostile work environment. The Court dismissed the hostile work environment claim on April 22, 2004, leaving only the retaliation claim.

In his retaliation claim, Plaintiff alleges that the VEC retaliated against him for giving testimony in a discrimination claim made by a co-worker. While other deputies in training received 30 day, 60 day,

1

and end of probationary period progress reviews, Plaintiff only received one such review. Moreover, one deputy, Barbara Smith was given two years to complete her probationary period, whereas Plaintiff was terminated just a little over a year into his probationary period. Plaintiff notes that no hearing officer has been dismissed within his probationary period and that he was terminated in retaliation for his testimony.

In his proposed Amended Complaint, Plaintiff re-asserts a hostile work environment claim. He alleges that Linda Daniel, a VEC field office manager, was out of the office during much of Plaintiff's training and forced Plaintiff to wait "as long as an hour" to present questions when she was in the office. When Ms. Daniel was out, Diane Wilmouth, a VEC assistant field office manager, was in charge and constantly berated office staff and the public. Ms. Wilmouth told Plaintiff that his days were numbered. Ms. Wilmouth and Ms. Daniel also instructed office staff to direct calls to Plaintiff's office to hinder his performance. When Plaintiff complained about Ms. Wilmouth, she inserted a statement in his file without his knowledge.

In addition, Plaintiff has asserted a claim of "unfair hiring practices." Plaintiff applied for the South Boston Field Office Hearing Officer position in late 2004 and received a letter on February 9, 2005, informing him that the position was closed due to budget issues. On February 24, 2005, Plaintiff became aware that the position was still open through a position announcement circulated only to VEC employees.

Finally, Plaintiff asserts an Equal Pay Act violation. Plaintiff was hired as a Hearing and Legal Services Officer on May 17, 2002 at an hourly wage of $15.35, or $31,934 a year, while Ms. Weeks

2

was hired for the same position on January 19, 1998 at an hourly wage of $18.68. At the time of Plaintiff's hiring in 2002, he had not previously worked for the VEC and had limited experience in unemployment compensation benefits. Ms. Weeks has worked for the VEC since 1978 and had advanced to a Pay Grade 8, Step 20, with an annual salary of $33,991 at the time of her promotion in 1998. When Ms. Weeks was promoted to a Hearing Officer, she advanced three salary grades to a Pay Grade 11, Step 8. Pursuant to VEC policy on employees who advance three salary grades, Ms. Weeks was automatically granted an increase of six pay steps to a Pay Grade 11, Step 14, an annual salary of $38,851.

Plaintiff has named the following parties as defendants: Norma Turner, the Commission Designate of the VEC; Dolores Esser, Commissioner of the VEC; Bill Jacobs, Assistant Commissioner for Field Operations; Woody Tucker, Chief of Benefits; Aundy Holland, Regional Director; Kristina Skeldon, Assistant Field Office Manager; Sally Henderson, Hearing Officer; Barbara Weeks Smith, Hearing Officer, Ms. Daniel; and Ms. Wilmouth.

## II.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO FILE A SUPPLEMENTAL COMPLAINT

Plaintiff argues that he has a right to amend his Complaint, and in the alternative, asks me to grant him permission to amend or supplement his Complaint. I find that the Plaintiff does not have a right to amend because Plaintiff's motion to amend was filed after my ruling on the Defendants' motion to dismiss. A plaintiff has a right to amend once before a responsive pleading is served. Fed. R. Civ. P. 15(a). Once a complaint has been dismissed under a 12(b)(6) motion, the plaintiff may only amend the pleading by leave of court. *Mason v. Allen*, 150 B.R. 21, 22-23 (E.D.Va. 1993) (citing *Cooper*

*v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)). I entered an Order partially granting Defendants' 12(b)(6) motion before Plaintiff filed this motion to amend. Therefore, the Plaintiff does not have a right to amend.

Plaintiff then argues that his motion to amend should be granted because there would be no prejudice to Defendants and there is no demonstrable bad faith or dilatory motive on the part of Plaintiff. But those are not the only considerations in deciding whether to grant leave to amend. A motion to amend may also be denied on the basis of futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiff's motion to amend is futile because he has not pled facts sufficient to support his proposed claims.

First, he has once again failed to allege facts that would support a hostile work environment claim. Among other things, a hostile work environment claim requires allegations of severe or pervasive harassment due to gender, race or age. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Plaintiff has alleged that his work environment was hostile because he had to wait "as long as an hour" to ask Ms. Daniel questions during his training, Ms. Wilmouth berated office staff and the public, Ms. Wilmouth told him his days were numbered, and Ms. Daniel and Ms. Wilmouth gave out his direct line to the public to hinder his job performance. None of these allegations rise to the level of severe or pervasive harassment and none are tied to his gender, race or age. Consequently, Plaintiff has once again failed to state a valid hostile work environment claim.

Second, Plaintiff fails to state a valid claim of "unfair hiring practices" because he has not indicated the legal basis for the claim nor alleged anything that would amount to a violation of law.

4

Assuming he is asserting a discrimination claim, he has not alleged discrimination due to gender, race or age. Plaintiff has failed to state a claim for unfair hiring practices.

Third, allowing Plaintiff to add his proposed Equal Pay Act claim would be futile. To make a prima facie case under the Equal Pay Act, a plaintiff has the burden to show that the skill, effort, and responsibility required in the job performance are equal to that of a higher-paid employee of the opposite sex. *Wheatley v. Wicomico County*, 390 F.3d 328, 332 (4th Cir. 2004). If employers have a seniority system in place or if some "differential" exists between two employees which is based on any other fact other than sex, then an employer will have an affirmative defense to an Equal Pay Act claim. *Lovell v. BBNT Solutions, LLC*, 295 F. Sup. 2d 611, 618 (E.D. Va. 2003). I will assume that the skill, effort, and responsibility required in Plaintiff's job performance is equal to that of Ms. Weeks. But Plaintiff cannot and has not shown any facts that would contradict the reality that the difference in their salaries was due to reasons other than sex, including a seniority system that rewards prior history with the VEC and experience in the field of unemployment compensation benefits. Considering Ms. Weeks' overwhelming advantage in these two areas, Plaintiff can point to no set of facts which would amount to an Equal Pay Act violation.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend and to File a Supplemental Complaint is **DENIED**.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the *pro se* Plaintiff and all counsel of record.

5

Entered this 15th day of July, 2005.

                                                          s/Jackson L. Kiser
                                                          Senior United States District Judge