CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 1 8 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM D. AMOS,<br>    Plaintiff,<br><br>v.<br><br>VIRGINIA EMPLOYMENT<br>COMMISSION, et al.,<br>    Defendant. | Case No. 4:05-CV-00005<br><br>By:  Hon. Michael F. Urbanski<br>       United States Magistrate Judge |

## DISCOVERY ORDER

Plaintiff William D. Amos has filed a lawsuit alleging that the Virginia Employment Commission ("VEC") discriminated against him in the course of his employment with VEC in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. This matter is before the court on defendant VEC's motion to compel discovery. (Docket No. 24)

In a Discovery Order entered on July 8, 2005, the court ordered plaintiff to either provide responses to defendant's discovery requests or to submit any documents that he contended were privileged within ten days of the entry of the Discovery Order such that the court could issue a written opinion on the claimed privilege. Plaintiff chose to supply materials to the court for in camera review.

The materials provided by plaintiff consist of notes taken on calendar pages from January through March 2003 and several pages of dated notes from May 2003 documenting the daily events of his employment with VEC. Having reviewed these documents, the court denies plaintiff's assertions of privilege and directs plaintiff to provide defendant with copies of the documents by close of business today.

# I

The work product doctrine is governed by a uniform federal standard set forth in Fed. R. Civ. P. 26(b)(3) and "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 n.11 (1975). Under Rule 26(b)(3), the work product doctrine applies to "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Id., see also 8 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2024, at 359 (2d ed. 1994) ("It is clear that all documents and tangible things prepared by or for the attorney of the party from whom discovery is sought are within the qualified immunity given to work product, so long as they were prepared in anticipation of litigation or preparation for trial.").

The work product doctrine extends to the acquisition of a party or its representative of factual information in anticipation of litigation. See Fed. R. Civ. P. 26(b)(3). The rationale of this prong of the work product analysis is to "preclude one litigant from preparing his case through the efforts of the adversary." See In re Pfohl Brothers Landfill Litigation, 175 F.R.D. 13, 26 (W.D.N.Y. 1997). The burden of establishing that communications are subject to work product protection rests with the party seeking the protection. See Matter of Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2d Cir. 1992).

It is clear that diaries and calendars recounting factual observations – such as plaintiff's notes here – are discoverable. See Zornes v. Specialty Indus., 1998 U.S. App. LEXIS 31686, at *23 (4th Cir. May 7, 1998); Robbins v. Chase Manhattan Bank, N.A., 1998 U.S. Dist. LEXIS 2680, at ** 2-3 (S.D.N.Y. Mar. 9, 1998) (holding that where a plaintiff simply recorded her daily

experiences on the job, those notes were discoverable); <u>Reiff v. Much Shelist Freed Denenberg</u>, 2003 U.S. Dist. LEXIS 18888, at *7 (N.D. Ill. Oct. 22, 2003). Indeed, where, as here, it is clear that there was no gathering of information by plaintiff, the major rationale for the work product doctrine is not at issue. The materials reviewed <u>in camera</u> by the court record plaintiff's daily experiences on the job. In similar circumstances, one court has observed that "[a] contemporaneous factual memorandum memorializing the circumstances of the termination does not become attorney work product solely because the termination may thereafter lead to litigation." <u>Smith v. Harmon Group, Inc.</u>, 1992 U.S. Dist. LEXIS 242, at *4 (S.D.N.Y. Jan. 13, 1992). Accordingly, none of the material provided to the court by plaintiff for <u>in camera</u> review is protected. As such, defendant's motion to compel regarding them is granted.

## II

Plaintiff is **DIRECTED** to provide defendant the documents provided to the court by close of business today.

It is so **ORDERED**.

ENTER: This 18th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE