IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM D. AMOS, | ) | |
| | ) | Case No. 4:05cv00005 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA EMPLOYMENT | ) | |
| COMMISSION, et al., | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Before me are Plaintiff's Motion for Reconsideration, to Alter, or Amend Judgment [44] and Defendants' Motion for Summary Judgment [46]. The parties have briefed the issues and oral argument was held on August 11, 2005. The motion is therefore ripe for decision. For the reasons set forth below, I hereby **DENY** Plaintiff's Motion for Reconsideration and **GRANT** Defendants' Motion for Summary Judgment.

I.      BACKGROUND

William D. Amos ("Plaintiff") was an employee of the Virginia Employment Commission ("VEC") from May 17, 2002 until his termination on July 3, 2003. Plaintiff filed a Charge of Discrimination against the VEC with the Equal Employment Opportunity Commission ("EEOC") on January 29, 2004. The EEOC dismissed the charge on October 14, 2004. Plaintiff then filed suit in this Court against the VEC and various VEC employees ("Defendants," collectively) on January 10, 2005. The suit was based on two claims: retaliation and hostile work environment. The Court dismissed the hostile work environment claim on April 22, 2004,

1

leaving only the retaliation claim. Plaintiff subsequently filed a Motion for Leave to Amend and File a Supplemental Complaint which the Court denied on July 15, 2005, and is now the subject of Plaintiff's present Motion for Reconsideration. On July 25, 2005, Defendants' filed their Motion for Summary Judgment on the remaining retaliation claim.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION, TO ALTER OR AMEND JUDGMENT

### A. Discussion

Plaintiff's Motion is brought pursuant to both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure. While the Court is well aware of Plaintiff's *pro se* status, his Motion is simply untenable under either Rule 59 or Rule 60 due to the fact that Motions made pursuant to these rules may only be made in response to final judgments. *See Fayetteville Investors v. Commercial Builders Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Plaintiff's Motion seeks reconsideration of this Court's denial of his Motion for Leave to Amend, an interlocutory order. Therefore, reconsideration of this order under Rules 59 or 60 is inappropriate and Plaintiff's Motion will be denied. Moreover, the Motion raises no new issues. It neither cites any change in the law or facts that were not available at the time of the Court's original decision. It is not the function of a Motion for Reconsideration to rehash that which has already been decided.

## III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is appropriate where no genuine issue exists as to any material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue of a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party."  *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 813 (1994); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1129 (4th Cir. 1987).  Nevertheless, where the record taken as a whole cannot lead a rational trier of fact to find for the nonmoving party, no genuine issue exists

for trial and summary judgment is appropriate.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).


   B.   **Discussion**

   Defendants' Motion addresses Plaintiff's sole remaining claim of retaliation arguing that it fails as a matter of law because Plaintiff cannot establish a *prima facie* case of retaliation. I agree.  To prove a *prima facie* case of retaliation under Title VII, a plaintiff must show that he engaged in a protected activity, that the employer took an adverse employment action against him, and that there is a causal link between the adverse action and the protected activity. *See Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998).  It is axiomatic that this final requirement of a causal link necessitates that the protected activity take place *prior to* the adverse employment action.  Plaintiff claims that his employment with the VEC was terminated in retaliation for his speaking with DHRM investigator concerning a complaint of discrimination

3

filed by a former co-worker at the VEC, Sophia Jones ("Jones"). However, assuming Plaintiff could establish that this conversation with the investigator constitutes a "protected activity," the record clearly reflects that the conversation did not take place until *after* his employment was terminated. (Amos Dep., 7/19/05, p. 196, ll. 12-18; p. 199, ll13-18). Therefore, there can be no causal connection between his termination and the "protected" conversation simply because the former preceded the latter.

In response, Plaintiff argues that his work performance was satisfactory and offers as support affidavits of both himself and co-workers. As an initial matter, the overwhelming majority of evidence in this case indicates that Plaintiff's job performance was in fact unsatisfactory. And although he was provided numerous opportunities to improve, he was never able to reach the requisite levels of performance necessary to carry him beyond probationary status. The affidavits offered by the Plaintiff speak to the contrary, however I find them to be wholly unpersuasive. Plaintiff's affidavit relating his own opinion of his work performance is irrelevant. In a wrongful discharge action, "it is the perception of the decision maker that is relevant, not the self-assessment of the plaintiff." *Hawkins v. Pepsico, Inc.,* 203 F.3d 274, 280 (4th Cir. 2000) (internal citation omitted). Similarly the affidavits of his co-workers hold no persuasive value namely because none of them held supervisory roles with relation to Plaintiff. *See id.* But most importantly, the issue of Plaintiff's work performance is wholly unrelated to the merits of his retaliation claim; this Plaintiff concedes by claiming that he was terminated not for his actions on the job, but for his conversation with DHRM which took place after he was fired. Therefore, I find Plaintiff's arguments unpersuasive and will grant Defendants' Motion on the remaining claim for retaliation.

4

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration, to Alter or Amend Judgment is **DENIED** and Defendants' Motion for Summary Judgment is **GRANTED**.

Entered this 19th day of August, 2005.

s/Jackson L. Kiser
Senior United States District Judge