IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM D. AMOS, ) | |
| ) | Case No. 4:05CV00005 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA EMPLOYMENT ) | |
| COMMISSION, et al., ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

On August 19, 2005, this Court entered an Order granting Defendant Virginia Employment Commission's ("VEC") Motion for Summary Judgment. Before me now is Plaintiff William D. Amos' ("Amos") Motion for Reconsideration, to Alter, or Amend Judgment. For the reasons set forth below, I hereby **DENY** Amos' Motion.

## I. PROCEDURAL BACKGROUND

Amos brought suit against VEC on January 10, 2005 alleging both a hostile work environment claim and a retaliation claim under Title VII of the Civil Rights Act of 1964. On April 22, 2005, this Court granted VEC's Motion to Dismiss Amos' hostile work environment claim. This Court later denied Amos' Motion to Amend his Complaint in which he attempted, *inter alia*, to re-allege a hostile work environment claim. Ultimately, this Court held a hearing on August 11, 2005 regarding VEC's Motion for Summary Judgment and Amos' Motion to Reconsider denying his Motion to Amend. On August 19, 2005, this Court denied Amos' Motion as untimely and granted VEC's Motion. On August 29, 2005 Amos filed a Motion for

1

Reconsideration, to Alter, or to Amend a Judgment and/or for Clarification of the Court's Memorandum Opinion. VEC filed its Brief in Opposition on September 12, 2005 and Amos filed his Reply on September 20, 2005. In his Reply, Amos waived oral argument, thus the issues are now ripe for decision.

## II.   STANDARD OF REVIEW

Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Fourth Circuit has recognized that "while the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Bogart v. Chappell, 396 F.3d 548, 555 (4th Cir. 2005) (citations omitted)).  As such, it is inappropriate to use a Rule 59(e) motion "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Wright, Miller, and Kane, 11 Federal Practice & Procedure, § 2810.1 (2d ed. 1995, p. part 2005), 126-128 (citing, among others, Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104)).

## III.   DISCUSSION

Amos raises two bases for reconsideration in his Motion, neither of which have merit. The first basis argues that it would be a "manifest injustice to allow this summary judgment ruling to survive in light of pending discovery motions." (Amos Brief in Support, pg. 4). However, no injustice whatsoever can exist for Amos because the discovery motions were rendered moot after oral argument between the parties before this Court on August 11, 2005.

2

Indeed, on August 12, 2005 VEC sent a letter to Amos and the Court attempting to confirm that the discovery motions were moot. Amos never protested the content of VEC's letter which clearly suggests that he, too, understood the discovery motions to be moot. Thus, Amos' first basis for reconsideration is denied.

Amos' second basis for reconsideration is that the Court's entry of Summary Judgment only covered Amos' retaliation claim without speaking to his separate claim regarding VEC's discriminatory performance appraisal system (Amos Reply Brief, pgs. 2-3). Amos argues that Count 1 of his Complaint entitled "Discriminatory Use of the Performance Appraisal System and Retaliation" (Amos Complaint, pg. 4 ¶¶ 14-15) raises two separate claims. Amos does not cite any of the appropriate grounds for reconsideration under Rule 59(e) and none appear anywhere in the record. Regardless, there is little to suggest that Amos intended to raise two separate claims in Count 1. In fact, Amos apparently never tried to distinguish between the act of retaliation and the method of retaliation (the performance appraisal system) until this Court entered Summary Judgment against his retaliation claim.

Lastly, Amos seeks clarification on the status of his hostile work environment claim. As noted above, this Court dismissed Amos' hostile work environment claim on April 22, 2005. Amos later attempted to reinsert a hostile work environment claim in his proposed Amended Complaint but his Motion to Amend was denied by this Court on July 15, 2005. Amos' hostile work environment claim, therefore, remained and remains dismissed with prejudice.

## IV. CONCLUSION

In summary, for the reasons stated above, I will **DENY** Amos' Motion for Reconsideration, to Alter, or to Amend Judgment. The clerk is directed to send a copy of this

3

Case 4:05-cv-00005-JLK-mfu   Document 66   Filed 09/23/05   Page 3 of 4   Pageid#: 574

Memorandum Opinion to all counsel of record.  An appropriate Order shall this day issue.

Entered this 23rd day of September, 2005.

                                            s/Jackson L. Kiser
                                            Senior United States District Judge